IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY-LEE KIRK,

        Plaintiff,

v.                                                                    Case No. 25-1291-JWB

FRANK SHOFFNER, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Brooks Severson's Report and Recommendation ("R&R") recommending that the court dismiss this action for lack of subject-matter jurisdiction. (Doc. 5.) Plaintiff has timely objected. (Doc. 10.) Additionally, Plaintiff has filed a motion for de novo review of magistrate judge's R&R (Doc. 11) and motion for summary judgment (Doc. 9). Despite Plaintiff's objections (Doc. 10), the court ADOPTS the magistrate judge's R&R (Doc. 5) and DISMISSES Plaintiff's complaint without prejudice. Accordingly, Plaintiff's remaining motions (Docs. 9, 11) are DENIED AS MOOT.

I.     **Facts**

On December 19, 2025, Tommy-Lee Kirk ("Plaintiff") filed a complaint against Credit Union of America ("CUA"); Frank Shoffner, CEO of CUA; and Sam Grove, CFO of CUA (collectively "Defendants"). (Doc. 1.) Plaintiff cites various federal and state constitutional provisions and statutes, and alleges his civil, property, and contractual rights were violated.

After a review of Kansas state court records, in December of 2024, CUA filed a petition in the Eighteenth Judicial District Court of Sedgwick County to foreclose a mortgage on real property as to which Plaintiff and Chantel Kirk had defaulted. *See Credit Union of America v. Tom L. Kirk,*

*et al.*, Case No. SG-2024-CV-002339.  According to the state court docket, CUA obtained a judgment against Plaintiff in April of 2025, and a sheriff's sale was scheduled shortly thereafter. Following entry of judgment, Plaintiff began filing a plethora of motions and notices in the state court.  The last filing was docketed on January 16, 2026.

While not a model of clarity, Plaintiff alleges that Defendants failed to answer what he characterizes as a "conditional acceptance of a bill." (Doc. 1 at 4.)  Due to their failure to respond, Plaintiff continues, Defendants impliedly accepted Plaintiff's "bill," and subsequently breached. As a result, Plaintiff alleges that his civil rights were violated because Defendants deprived him of property without due process.

In accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), Magistrate Judge Severson screened Plaintiff's complaint and entered an R&R recommending dismissal for lack of subject matter jurisdiction.  Magistrate Judge Severson held that this court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because the relief requested requires this court to set aside the state court judgment or otherwise alter rulings in that action.  The court agrees and adopts the R&R.

## II.    Standard

Review of an R&R.  Plaintiff has timely objected, in part, to the R&R.  When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996))

("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court...' "). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

Subject-Matter Jurisdiction. "[F]ederal courts are courts of limited subject-matter jurisdiction," and they "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quotation omitted). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the court must dismiss an action if at any point in time it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Pro Se Standard. Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on his behalf. *Id*.

III.    **Analysis**

Magistrate Judge Severson found that this matter should be dismissed for lack of subject matter jurisdiction on the basis that this action is barred by the *Rooker-Feldman* doctrine. (Doc. 5.) That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought

by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) (internal quotations omitted). "The essential point is that barred claims are those complaining of injuries caused by state-court judgments. In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (internal citations and quotations omitted).

Here, Plaintiff's complaint is difficult to follow, includes several conclusory allegations, and fails to identify who did what to whom. Nevertheless, this court agrees with Magistrate Judge Severson's overall assessment that Plaintiff is claiming injury from state court proceedings and state court rulings in the ongoing mortgage foreclosure action in the District Court of Sedgwick County. (Doc. 1.) The requested relief effectively asks the court to review and reject state court judgments, by merely listing general grievances with the foreclosure process. The court cannot do so. *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). Moreover, under *Rooker-Feldman*, this court has no jurisdiction to grant such relief. *See MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812, 818 (10th Cir. 2020) (holding that former homeowner's complaint, claiming that note holder committed fraud in foreclosure proceedings in state court, was barred, under *Rooker-Feldman*); *Williams v. HSBC Bank USA, N.A.*, 681 F. App'x 693, 696 (10th Cir. 2017) (holding that Rooker-Feldman doctrine barred federal lawsuit seeking review and rejection of state court's foreclosure judgment). In sum, Plaintiff's claims are "inextricably intertwined" with claims decided by the state court before these federal proceedings commenced. *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) ("[T]he *Rooker-Feldman* doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims

actually decided by a state court and claims inextricably intertwined with a prior state-court judgment."). Therefore, this court lacks subject matter jurisdiction over this matter.

## IV.    Conclusion

THEREFORE, the court finds that Plaintiff's complaint fails to establish subject matter jurisdiction. Accordingly, Plaintiff's objections (Doc. 10) are OVERRULED, Magistrate Judge Severson's R&R (Doc. 5) is ADOPTED, and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Because Plaintiff's complaint is dismissed, his remaining motions (Docs. 9, 11) are DENIED AS MOOT.

IT IS SO ORDERED. Dated this 9th day of February, 2026.

                                    __s/ John W. Broomes_____
                                    JOHN W. BROOMES
                                    CHIEF UNITED STATES DISTRICT JUDGE